UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JUSTAN ADAMS, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| v. | ) | 1:13-cv-00413-JAW |
| DAVID MILLER, et als., | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION

In this action, Plaintiff Justan Adams, proceeding *pro se*, seeks to recover damages from Defendants David Miller, David Allen, Dr. Bannish, Dr. Bartone, and two other individuals who are described as mail clerks and identified only by first name, for alleged deprivations of Plaintiff's constitutional rights during Plaintiff's incarceration at the Maine State Prison. The matter is before the Court on the Motion to Dismiss of Defendants Miller and Allen (ECF No. 24) and the Motion to Dismiss of Defendants Bannish and Bartone (ECF No. 32).[1]

Following a review of the pleadings, and after consideration of parties' arguments,[2] as explained below, the recommendation is that the Court deny the Motion to Dismiss of Defendants Miller and Allen, and grant the Motion to Dismiss of Defendants Bannish and Bartone.

### BACKGROUND FACTS

The facts set forth herein are derived from Plaintiff's Complaint (ECF No. 1). Plaintiff's allegations are deemed true when evaluating Defendants' motions to dismiss.[3] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

---

[1] The Court referred the motions for report and recommended decision.
[2] The Court construed two of Plaintiff's letters (ECF Nos. 26, 29) as Plaintiff's response to the Motion to Dismiss of Defendants Allen and Miller.
[3] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

Although Plaintiff suggests that three separate events form the basis of his complaint (August 2013, September 2013, and October 2013), Plaintiff's allegations are limited to an incident that purportedly occurred in August 2013. In particular, Plaintiff contends that on or about August 19, 2013, while escorting Plaintiff to the showers, Officer David Miller shoved him toward a shower. Plaintiff responded with an expletive. "Unit manager" David Allen was present and instructed Plaintiff to be quiet. After a further exchange, Miller or Allen sprayed pepper spray on Plaintiff's head and in his face. According to Plaintiff, Miller and Allen then "had medical see me to clean me up." Plaintiff alleges that he should have received a shower to clean off the pepper spray, but Allen refused. Plaintiff did not receive a shower thereafter for nine consecutive days. Plaintiff maintains that his skin was burning throughout this time and he could not sleep and felt miserable and terrible. (PageID # 3-4.)[4] Plaintiff also asserts that he "was given meds" that caused chest pain and that "mental health said I had to take them to go up in level to go next door but I told him it gives me chest pain [and] he did not care." (PageID # 6.)

On the Pro Se Civil Complaint form, Plaintiff responded "no" in response to the question, "Have the claims which you made in this civil action been presented through any type of administrative procedure within any state or federal government agency?" (*Id.*) In his explanation for his negative response, Plaintiff wrote, "Because it does nothing for us at all because filing a grievance all they do is say we do not have grievance at all." (*Id.*) Despite Plaintiff's assertions on the form, in Plaintiff's February 20, 2014, letter response to the motion to dismiss, Plaintiff asserted that he did use the prison grievance procedure (ECF No. 29).[5]

---

[4] PageID # is a reference to the pagination supplied to the Court's electronic docket by its Case Management/Electronic Case Files software.

[5] On February 20, 2014, Plaintiff also filed another pleading in this Court, which pleading the Court docketed as a new case, *Adams v. State of Maine Co Workers et als.*, No. 1:14-cv-00072-JAW. The new pleading names "Allan," Miller, and Dr. "Banish" as defendants, but not Dr. Bartone. In that pleading, Plaintiff represented that he presented the facts relating to his complaint in the prison grievance procedure, "wrote almost 3 grievances," and took other steps to obtain administrative relief, but "they would not talk to me" and "dismissed my grievance because they said I didn't

## DISCUSSION

A.  **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, the Court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, the plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendants are legally responsible for the claim at issue. *Id.*

When the plaintiff is a *pro se* litigant, the court will review his complaint subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The pleadings of *pro se* plaintiffs are generally interpreted in light of supplemental submissions. *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003). If it appears that a *pro se* litigant might be able to plead adequate facts if he better understood the applicable law, the Court may provide some opportunity to understand what the law requires, along with an opportunity to supplement the pleadings. *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004); *Cote v. Maloney*, 152 Fed. App'x 6, 8 (1st Cir. 2005) (unpublished).

B.  **Analysis**

Defendants Allen and Miller contend that dismissal is warranted because Plaintiff failed to exhaust the Maine State Prison's administrative grievance procedures. (Motion to Dismiss of Defendants Miller and Allen, ECF No. 24.) Defendants Dr. Daniel Bannish and Dr. Dana Bartone

---

come to a formal resolution." (No. 1:14-cv-00072-JAW, PageID # 2.) Plaintiff's complaint in case 14-cv-72 indicates that he previously filed a lawsuit in this Court dealing with the same facts, giving the docket number of the instant case in reference. (No. 1:14-cv-00072-JAW, PageID # 1.)

argue that not only has Plaintiff failed to exhaust the available administrative remedies, but Plaintiff has also failed to state a claim for which relief can be granted against them. (Motion to Dismiss of Defendants Bannish and Bartone, ECF No. 32.)

### 1. *Motion to Dismiss of Defendants Allen and Miller*

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust administrative remedies before commencing a civil action in court. The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The exhaustion requirement demands "proper exhaustion" of a prisoner's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Acosta v. U.S. Marshals Serv.*, 445 F.3d 509, 512 (1st Cir. 2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.), *cert. denied*, 537 U.S. 949 (2002)). [6]

---

[6] The Supreme Court has cited several reasons for the requirement of exhaustion of administrative remedies, including "'[affording] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford*, 548 U.S. at 93 (quoting *Porter v. Nussle*, 534 U.S. at 525). "Requiring proper exhaustion . . . gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Id.* at 94. It also "improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court." *Id.*

4

Defendants have the burden to prove that Plaintiff failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 211-12, 216 (2007) (holding that failure to exhaust is an affirmative defense and that prisoners do not need to plead or demonstrate exhaustion in their complaints). Here, Plaintiff has provided conflicting reports in his pleadings regarding his prison grievance activity. In one instance, Plaintiff represented that he had not presented an administrative claim (ECF No. 1), and in another instance, Plaintiff asserted that he did file a grievance (ECF No. 29). Thus, while Defendants might be able to present record evidence to support their contention that Plaintiff did not satisfy the requirements of the PLRA, because the pleadings contain conflicting information on the issue, Defendants are not entitled to dismissal at this stage of the proceedings. *Cf. R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006) ("There is no resolution of contested facts in connection with a Rule 12(c) motion: a court may enter judgment on the pleadings only if the properly considered facts conclusively establish the movant's point.").

### 2. *Motion to Dismiss of Defendants Bannish and Bartone*

Defendants Bannish and Barton argue that Plaintiff has failed to state a claim against them. (Motion to Dismiss of Defendants Bannish and Bartone at 6-9.)[7] Although Plaintiff alleges the use of excessive force by Defendants Allen and Miller, he asserts no facts from which one could infer that Defendants Bannish and Bartone engaged in any conduct that plausibly could be construed as a violation of Plaintiff's rights.

First, Plaintiff arguably does not identify any specific conduct in which Defendants Bannish and Bartone allegedly engaged.[8] In addition, and more importantly, to the extent that

---

[7] Defendants Bannish and Barton also argued that the Court should dismiss Plaintiff's Complaint based on Plaintiff's failure to exhaust his administrative remedies. As explained in connection with the Motion to Dismiss of Defendants Miller and Allen, that argument fails.

[8] When he identified the parties to the case, Plaintiff described Defendant Bannish as a "mental health" doctor, and Defendant Bartone as "medical meds doctor." (PageID # 1). When asserting his substantive allegations, Plaintiff

Plaintiff relies upon his allegation that he received medications that caused chest pain and that "mental health said I had to take them to go up in level to go next door but I told him it gives me chest pain [and] he did not care," Plaintiff has not alleged facts upon which Plaintiff could recover. (PageID # 6.) "The failure of correctional officials to provide inmates with adequate medical care may offend the Eighth Amendment if their 'acts or omissions [are] sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 497 (1st Cir. 2011) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). An Eighth Amendment claim based on inadequate medical care involves a two-part showing: (1) that the deprivation alleged was "objectively, sufficiently serious" and (2) "that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety." *Id.* (quoting *Burrell,* 307 F.3d 1, 8 (1st Cir. 2002)). Simply stated, because Plaintiff's allegation regarding the medication issue lacks any facts that could reasonably constitute deliberate indifference, Plaintiff fails to state a claim against Defendants Bannish and Bartone even if the Court construes Plaintiff's complaint to implicate Defendants Bannish and Bartone on the medication issue.

## CONCLUSION

Based on the foregoing analysis, the recommendation is (1) that the Court deny the Motion to Dismiss of Defendants Miller and Allen (ECF No. 24), and (2) that the Court grant the Motion to Dismiss of Defendants Bannish and Bartone (ECF No. 32).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served

---

references "these two other mental health workers" (PageID # 5). It is not entirely clear that Plaintiff is referring to Defendants Bannish and Bartone as the two mental health workers.

with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


June 20, 2014                               /s/ John C. Nivison
                                                    U.S. Magistrate Judge