UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTAN ADAMS, | ) |
| Plaintiff | ) |
| v. | ) 1:13-cv-00413-JAW |
| DAVID MILLER, *et als.*, | ) |
| Defendants | ) |

## RECOMMENDED DECISION

This matter is before the Court on the Motion for Summary Judgment of Defendants David Miller and David Allen (ECF No. 43).[1] In support of their request for summary judgment, Defendants maintain that Plaintiff Justan Adams failed to exhaust the administrative remedies available to him at the Maine State Prison and, therefore, he is barred from proceeding with his civil rights action. Following a review of the pleadings, and after consideration of Defendants' unopposed factual presentation and argument, as explained below, the recommendation is that the Court grant the motion.

## FACTS

The record includes the following uncontroverted facts.[2] The Department of Corrections has a general prisoner grievance policy, which governs most prisoner grievances. Plaintiff's claim, which is based on his allegation that in August 2013 Defendant Allen denied Plaintiff a shower for

---

[1] The Court referred the motions for report and recommended decision.

[2] As part of their summary judgment submission, Defendants filed a statement of material facts in accordance with Local Rule 56. Plaintiff did not oppose any of the factual assertions contained in the Statement. Pursuant to Local Rule 56(f), facts contained in a statement of material facts "shall be deemed admitted unless properly controverted," if the facts in question are "supported by record citations." The facts are thus derived from Defendants' statement and the record materials cited in support thereof, which materials include the affidavit of the policy development coordinator for the Department of Corrections, the affidavit of the custodian of the records of all grievance appeals to the Commissioner filed by prisoners of the Department, and the Department of Corrections General Prisoner Grievance Policy.

multiple days after Plaintiff was sprayed with pepper mace, is covered by the grievance policy. The policy provides for an appeal to the Commissioner of Corrections as the final level in the prisoner grievance process. Plaintiff did not file an appeal to the Commissioner in connection with a grievance regarding the alleged incident. (Defendants' Statement of Material Facts ¶¶ 1-6, ECF No. 42.)

## DISCUSSION

**A.  Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir.1998)).

The Court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Hannon v. Beard*, 645 F.3d 45, 47-48 (1st Cir. 2011). If the Court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, a trial-worthy controversy exists, and the Court must deny summary judgment on the supported claims. Unsupported claims are properly dismissed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

## B. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act (PLRA) requires that a prisoner must exhaust the available administrative remedies before commencing a civil action. In particular, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that this provision requires "proper exhaustion" of a prisoner's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

Here, the undisputed record evidence establishes (1) that the Department of Corrections had a grievance policy, (2) that the incident about which Plaintiff complains is covered by the policy, (3) that the policy provides for an appeal to the Commissioner as part of the grievance process, and (4) that Plaintiff did not file an appeal to the Commissioner. (Defendants' Statement of Material Facts ¶¶ 1-6, ECF No. 42.) Plaintiff, therefore, has not exhausted the available administrative remedies. Accordingly, Defendants are entitled to summary judgment.

## Conclusion

Based on the foregoing analysis, the recommendation is that the Court grant Defendants' Motion for Summary Judgment (ECF No. 43), and enter judgment in favor of Defendants Allen and Miller.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to

3

28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of September, 2014.